1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
    PAUL S. COWIE, Cal. Bar No. 250131
3   pcowie@sheppardmullin.com
    BRIAN S. FONG, Cal. Bar No. 262846
4   bfong@sheppardmullin.com
    SAMI HASAN, Cal. Bar No. 272333
5   shasan@sheppardmullin.com
    LUIS F. ARIAS, Cal. Bar No. 317819
6   larias@sheppardmullin.com
    Four Embarcadero Center, 17th Floor
7   San Francisco, California 94111-4109
    Telephone: 415.434.9100
8   Facsimile: 415.434.3947

9   Attorneys for Defendants
    GRANITE ROCK COMPANY

10

11                    UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13  ARNOLD JAQUEZ, an individual, and all          Case No.
    Aggrieved Employees,
14                                                 [Santa Clara Superior Court Case No.
                        Plaintiff,                 21CV387540]
15
            v.
16                                                 **NOTICE OF REMOVAL OF ACTION
                                                   PURSUANT TO 28 U.S.C. §§ 1331, 1441 &
17  GRANITE ROCK COMPANY, a California             1446 [Federal Question]**
    corporation; and DOES 1 through 100,
18  inclusive,

19                      Defendants.
                                                   [State Court Complaint Filed:  August 19,
20                                                 2021]

21

22

23

24

25

26

27

28

SMRH:4890-3302-7076.5                                    NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**:

Please take notice that Defendant GRANITE ROCK COMPANY ("Graniterock" or "Defendant"), hereby removes the matter of *Arnold Jaquez, et al. v. Granite Rock Company, et al.*, pending in the Superior Court of the State of California in and for the County of Santa Clara, Case No. 21CV387540, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446.

Removal is proper based on federal question jurisdiction under Section 301 of the Labor Management Relations Act of 1947 ("LMRA," 29 U.S.C. § 152(2)), 28 U.S.C. §§ 1331, 1441(b) and 1446, as discussed in detail below:

**I.**

**CLAIMS AND PROCEDURAL HISTORY**

1. On August 19, 2021, Plaintiff Arnold Jaquez ("Plaintiff") filed a complaint in the Superior Court of California, County of Santa Clara, Case No. 21CV387540 ("the Complaint").

2. In the Complaint, Plaintiff asserts the following causes of action: (1) meal period violations; (2) rest period violations; (3) failure to pay minimum wage; (4) wage statement violations; (5) waiting time penalties; (6) violation of unfair competition laws; (7) Private Attorneys General Act, California Labor Code § 2698 et seq. ("PAGA"); and (8) wrongful termination. Plaintiff's PAGA claim is brought on his own behalf as well as on behalf of all "Aggrieved Employees," which he defines as "all other nonexempt employees employed by Defendants [*sic*] in California" between June 4, 2020 through judgment or settlement approval. (Compl. ¶¶ 8-9.) Each of the Labor Code claims Plaintiff alleges on his own behalf, with the exception of his Labor Code section 1102.5 retaliation and wrongful termination claim, are incorporated into Plaintiff's PAGA claim for penalties.

3. The Complaint did not expressly enumerate any claim under federal law and omits that the terms and conditions of Plaintiff's employment were subject to Collective Bargaining

NOTICE OF REMOVAL OF ACTION

Agreement ("CBA").  True and correct copies of the Summons and Complaint in this case are filed concurrently herewith as **Exhibit A**.[1]

4.      Defendant filed its Answer to Plaintiff's Complaint in Superior Court on December 7, 2021, a copy of which is attached hereto as **Exhibit B.**

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c) and 1391.

## II.

## TIMELINESS OF REMOVAL

6.      Service of the Summons and Complaint were effected on Graniterock on November 8, 2021 via a Notice of Acknowledgment of Receipt of the Summons and Complaint ("NAR"), signed and returned to counsel of Plaintiff on the same date.  A true and correct copy of the NAR is attached as **Exhibit C.**  This Notice of Removal is timely filed in that it has been filed within thirty (30) days after service of the Summons and Complaint by Defendant, as required by 29 U.S.C. § 1446(b).

## III.

## FEDERAL QUESTION JURISDICTION

## BASED ON LMRA SECTION 301 PREEMPTION

7.      This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action that presents a federal question.

8.      Federal question jurisdiction arises out of the fact that Plaintiff's claims arise from rights that exists solely from the CBAs, and/or because adjudication of Plaintiff's claims require interpretation of a CBA.  Thus, Plaintiff's claims are completely preempted by federal law under the LMRA.  29 U.S.C. § 185 ("Section 301").  Section 301 provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regarding to the amount in controversy or without regarding to the

---

[1]   Defendant asks the Court to take judicial notice of the exhibits attached to this Notice of Removal, all of which are pleadings filed in state court in this matter.

1  citizenship of the parties." *Id*.  To ensure uniform interpretations of collective bargaining

2  agreements such as the CBA, federal common law preempts the use of state contract law in

3  collective bargaining agreement interpretation and enforcement.  *See Lingle v. Norge Div. of*

4  *Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

5       9.    Further, all state law claims raised by a union-represented employee regarding a

6  right that exists solely from the CBA or that require interpretation of a collective bargaining

7  agreement must be brought pursuant to Section 301.  *Curtis v. Irwin Industries, Inc.*, 913 F.3d

8  1146, 1152-1153 (9th Cir. 2019); *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985).  "The

9  preemptive force of section 301 is so powerful that it displaces entirely any state cause of action

10  for violation of a collective bargaining agreement . . .[and] any state claim whose outcome

11  depends on analysis of the terms of the agreement."  *Newberry v. Pac. Racing Ass'n*, 854 F.2d

12  1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir.

13  2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found

14  that Congress intended completely to replace state law with federal law for purposes of federal

15  jurisdiction").

16       10.   Section 301 specifically has been held to preempt California state law claims that

17  are substantially dependent upon interpretation of a collective bargaining agreement.  *Firestone v.*

18  *Southern Cal. Gas. Co.*, 219 F.3d 1063, 1066-1067 (9th Cir. 2000).  This is so even where

19  interpretation was required to evaluate the employer's defense to a plaintiff's state law causes of

20  action.  *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages

21  preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the

22  level set by the CBA").

23       11.   As discussed in detail below, virtually all of Plaintiff's claims arise solely out of a

24  valid collective bargaining agreement (the CBA) or are derivative of such claims.  The Labor

25  Code sections or IWC Wage Order sections Plaintiff seeks recovery under explicitly state they do

26  not apply where a valid collective bargaining agreement exists.  This is true for Plaintiff's meal

27  period claim, his rest period claim, as well as his PAGA claim.  Thus, while Plaintiff's Complaint

28  is ostensibly based on state law rights, it is in fact based on the CBA which is the sole source of

NOTICE OF REMOVAL OF ACTION

those rights pursuant to California law.  Further, the CBA provides that the "exclusive" remedy for such claims is the grievance and arbitration process laid out in the CBA.  The remaining claims are either derivative of these CBA-based claims or require substantial interpretation of the CBA to resolve, requiring preemption even if the Court were to conclude that these remaining claims are based on state claims.  Indeed, even statutory state law claims under the Labor Code and IWC Wage Order 16 that are not explicitly covered by the CBA are encompassed by the CBA's grievance and arbitration procedure.

### A.      Plaintiff's Employment Was Governed by a CBA.

12.      Plaintiff was an employee of Graniterock between October 2016 through November 2, 2020, when his employment was terminated for lying to the Company in its investigation of a workplace harassment complaint.  (Declaration of Shirley Ow ("Ow Dec."), ¶ 5.)  The terms and conditions of Plaintiff's employment are subject to the CBA negotiated between United Contractors ("UCON"), of which Graniterock is a member, and Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (the "Union"), of Plaintiff which is a member.  (*Id.*, ¶ 7.)  A true and correct copy of the active and operative CBA in effect (from July 1, 2020 through June 30, 2023) for Plaintiff is attached as Exhibit 1 to the concurrently-filed Ow Declaration.  A true and correct copy of the prior CBA negotiated by the Union and UCON (in effect from July 1, 2016 through June 30, 2020) is attached as Exhibits 2 and 3 to the Ow Declaration and contains substantively similar provisions, though the section references may vary slightly.[2]

13.      The Union is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a), and is the "exclusive bargaining representative" for employees covered by the CBA, including Plaintiff (Ow Dec., ¶ 7, Ex. 1), for the purposes of collective bargaining to establish rates of pay, hours of work and other conditions of employment.  (*See* Ow Dec., Ex. 1, p. 29, § 02.08.03.)

14.      Graniterock is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

---

[2] For ease of reference, the provisions cited herein are reference the CBA in effect from July 1, 2020 through June 30, 2023.

15.     UCON is an authorized representative and agent of Graniterock, under 29 U.S.C. § 152(2) and the applicable CBAs, with respect to collective bargaining during the relevant period. (*See* Ow Dec., Ex. 1, p. 29, § 02.08.01.)

**B.     Plaintiff's Claims Are Preempted by the LMRA Because They Arise Out of or Require Substantial Interpretation of the CBA.**

**1.     Plaintiff's Failure to Reference Section 301 of the LMRA in His Complaint Does Not Preclude Removal.**

16.     The Complaint omits the fact that Plaintiff was a member of the Union and employed by Graniterock through a CBA.  However, a plaintiff may not be permitted to "artfully plead" his complaint to conceal the true nature of the complaint.  *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).  Thus, the fact that Plaintiff has not made specific reference to Section 301 or the CBA in the Complaint does not preclude removal.  *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991).  The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301.  *See Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).  Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction."  *Schroeder*, 702 F.2d at 191.

17.     Moreover, presumably to avoid preemption (as IWC Wage Order 16 contains several exemptions to the state's wage and hour requirements for employees subject to valid collective  bargaining agreements), Plaintiff inaccurately alleges that he is subject to IWC Wage Order 4 rather than IWC Wage Order 16.  IWC Wage Order 16 states that it "shall apply to *all persons employed in the on-site occupations of construction*, including, but not limited to, work involving alteration, demolition, building, excavating, renovation, remodeling, maintenance, improvement, and repair work, and work for which a contractor's license is required by the California Business and Professions Code Division 3, Chapter 9, §§ 7025 et seq."  8 Cal. Code

-5-

Regs. § 11160(1).  Despite having supervisory responsibilities later in his employment and through termination and holding the title "Field Supervisor," Plaintiff was at all relevant times an Operating Engineer, a job title explicitly identified by the DLSE as falling under IWC Wage Order 16 in its publication, "Which IWC Wage Order?"  *See* DLSE, *Which IWC Wage Order? Classifications*, p. 31 (*available at* https://www.dir.ca.gov/dlse/whichiwcorderclassifications.pdf). Graniterock is a construction materials and contracting company, and Plaintiff was employed within its Construction Division working on and at times overseeing *on-site* construction work for which Graniterock required and carried a contractor's license under California Business and Professions Code Division 3, Chapter 9, §§ 7025 et seq.  (Ow Dec., ¶¶ 4, 6.)  IWC Wage Order 4, on the other hand, applies to professional, technical, clerical, mechanical and similar occupations—none of which describe Plaintiff's occupation as a nonexempt, on-site Operating Engineer for a construction firm.  8 Cal. Code Regs. § 11140.  Curiously, Plaintiff makes no mention of the industry within which he was employed (construction) or allege that he was required to be at construction sites as a part of his daily responsibilities, but he does concede that part of his job responsibilities were to attend safety meetings on-site, go through security checkpoints to get onto constructions sites on a regular basis, and prepare heavy machinery—all job responsibilities associated with the construction industry and IWC Wage Order 16.  (*See* Compl., ¶¶ 17-19.)

18.     An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

1

2

**2.     Resolution of Plaintiff's Claims Involves Rights that Exist Solely Due the CBA or Will Require Substantial Interpretation of Various Provisions of the CBA.**

3       19.     The artfully pled claims asserted in the Complaint are, in actuality, "founded

4  directly on rights created by collective bargaining agreements" and/or are substantially dependent

5  on an analysis and interpretation of a collective bargaining agreement.  *See Hayden v. Reickerd*,

6  957 F.2d 1506, 1509 (9th Cir. 1991); *see also Caterpillar Inc.*, 482 U.S. at 394.  To analyze

7  Plaintiff's claims, therefore, the Court will necessarily need to interpret the provisions of the

8  relevant CBA.

9       20.     Plaintiff asserts the following claims: (1) meal period violations (Cal. Labor Code

10  §§ 512, 226.7(c)); (2) rest period violations (*id.*, § 226.7 (c)); (3) failure to pay minimum wage

11  (*id.*, §§ 1194, 1194.2); (4) wage statement violations (*id.*, § 226); (5) waiting time penalties (*id.*,

12  §§ 201-203); (6) violation of unfair competition laws (Cal. Bus. & Prof. Code § 17200 et seq.); (7)

13  Private Attorneys General Act (Cal. Labor Code § 2698 et seq.); and (8) wrongful termination due

14  to retaliation (Cal. Labor Code § 1102.5).

15       21.     The operative CBA sets forth specific language governing meal periods (Ow Dec.,

16  Ex. 1, p. 42, §§ 06.19.00 - 06.19.05 – "Meal Period" & "Second (2nd) Meal Period"), rest periods

17  (*id.*, p. 44, §§ 06.27.00 – 06.27.04 – "Rest Periods"); minimum wage for various classifications of

18  employee in various geographies (*id.*, pp. 1-26, § 01.01.00; p. 126, "Letter of Understanding –

19  Waiver of Local Minimum Wage Ordinances"), working hours (*e.g., id.*, pp. 43-44, §§ 06.25.00 -

20  06.25.02 (overtime), p. 38, § 06.00.00 (work days and hours)), wage statements and timely

21  payment of wages, including prescribing penalties for violations of such provisions (*id.*, p. 53, §§

22  10.02.00 - 10.02.01 – "Payment of Wages"), and the availability of claims under PAGA (*id.*, p. 27,

23  "Side Letter Agreement – Waiver of Private Attorneys General Act of 2004 (PAGA)").  The CBA

24  also provides for a grievance process and requires binding arbitration to resolve any disputes

25  arising under the CBA, including any allegation of a violation of IWC Wage Order 16 (the

26  applicable IWC Wage Order).  (*Id.*, pp. 75-79, §§ 18.00.00 – 18.06.00 – "Grievance Procedure").

27  Resolution of Plaintiff's claims will require the Court to interpret, at a minimum, all of these

28

SMRH:4890-3302-7076.5                                                          NOTICE OF REMOVAL OF ACTION

provisions:  Plaintiff did not grieve any of the claims in his lawsuit pursuant the grievance and arbitration procedures set forth in the CBA.  (Ow Dec., ¶ 9.)

22.    **Meal Periods.**  Plaintiff's meal period claim is premised on the theory that Graniterock required him to carry communication devices, respond to calls on those devices, and work through his meal periods, and that it further failed to provide premiums for meal periods that it failed to purportedly provide.  (Compl. ¶¶ 14-15, 20.)  While styled as a state law claim, the claim in fact arises solely out of the operative CBA, because the relevant Labor Code section (§ 512) by its own terms exempts employees from its application who are subject to a valid collective bargaining agreement.  California Labor Code § 512 provides the default state law rule for meal periods.  However, § 512(e) and (f) explicitly state that the default rule is inapplicable to employees in the construction occupation (which includes excavation and any other similar related occupations or trades (§512(g))) where the employee is covered by a valid collective bargaining agreement and the collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

23.    Plaintiff is subject to the CBA, which meets all the elements to qualify for the exemption.  Specifically, the CBA expressly provides for meal periods and contains a detailed grievance and arbitration process, which is final and binding, concerning disputes relating to the provision of meal periods.  (Ow Dec., Ex. 1, p. 42, §§ 06.19.00 - 06.19.05 (meal period provisions, including application of grievance and arbitration procedure regarding disputes concerning meal periods); *see also* §§ 18.00.00 – 18.06.00 (grievance and arbitration procedures).)  The CBA also provides for overtime premiums (*id.*, Ex. 1, pp. 43-44, §§ 06.25.00 - 06.25.02), and Plaintiff, along with other employees covered by the CBA, received an hourly rate of pay of 30% more than the state minimum wage during all relevant periods (*id.*, Ex. 1, pp. 2-26, § 01.03.00).

24.    Accordingly, Plaintiff's meal period claim exists "solely as a result of the CBA." *Sykes v. F.D. Thomas, Inc.*, No. 20-CV-03616-VC, 2021 WL 343960, at *2 (N.D. Cal. Feb. 2,

2021) ("The meal period claim is also preempted at step one.  Section 512(e) exempts employees in a construction occupation from the meal period requirements of 512(a) if they are covered by a CBA that meets certain requirements."); *see also Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)).  Further, any determination of whether Plaintiff was required to carry communication devices and the extent to which he was required to answer or respond to calls on those devices, as Plaintiff has alleged to support his meal period claim, will also invariably require interpretation of the CBA's meal period and working rules (Ow Dec., Ex. 1, p. 38-39, §06.00.00) provisions, among others, as to the degree of control Graniterock was permitted to exercise under the CBA without violating the CBA's meal period entitlements.  Further, the CBA explicitly provides that "[a]ll disputes concerning meal[] . . . periods are subject to the Grievance Procedures provided for in [the CBA]."  (Ow Dec., Ex. 1, p. 42, § 06.19.05.)

25.    **Rest Periods.**  Plaintiff's rest period claim is premised on the theory that Graniterock allegedly required him to carry communication devices, respond to calls on those devices, and work through his rest periods, and that it further failed to provide premiums for rest periods that it failed to purportedly provide.  (Compl. ¶¶ 14-15, 20.)  While styled as a state law claim, the claim in fact arises solely out of the operative CBA, because IWC Wage Order 16 by its own terms exempts employees from its application who are subject to a valid CBA providing equivalent protection.  Section 11 of IWC Wage Order 16 provides the default state rule for rest periods.  *See* Cal. Labor Code §§ 516(a) (authorizing the IWC to adopt an order providing for rest periods), 226.7 (requiring employers to comply with rest period rule established by the IWC).  Section 11(E), however, provides that "[t]his section shall not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides *equivalent protection*."  8 Cal. Code Regs. § 11060(11)(E) (emphasis added).  Section 11(D) further provides that "[i]n cases where a valid collective bargaining agreement provides final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions, the collective bargaining agreement will prevail."

-9-

NOTICE OF REMOVAL OF ACTION

26.     Here, the CBA provides equivalent protection,[3] thus, extinguishing Plaintiff's state law claim and premising his claim entirely upon the CBA.  Section 06.27.00 explicitly provides for ten-minute rest breaks for every four hours worked (Ow Dec., Ex. 1, p. 44, § 06.27.00), provides that any failure to provide such rest breaks will subject the employer to a penalty of one hour at the employee's applicable wage rate (*id.* § 06.27.03), and indicates that rest periods will be considered hours worked and paid at the employee's regular rate (*id.*, §§ 06.01.00, 06.03.00).  Thus, Plaintiff's rest period claim exists "solely as a result of the CBA."  *Kobold*, 832 F.3d at 1059; *Zayerz v. Kiewit Infrastructure West*, 2018 WL 582318, *5 ("Plaintiff was covered, then, by a valid CBA that offered equivalent protection as that found Wage Order No. 16.  Accordingly, Plaintiff's rest period claims are exempted by Wage Order No. 16 and [therefore preempted].").  Any determination of whether Plaintiff was required to carry communication devices and the extent to which he was required to answer or respond to calls on those devices, as Plaintiff has alleged in support of his rest period claim, will also invariably require interpretation of the CBA's rest period and working rules (Ow Dec., Ex. 1, p. 38-39, §06.00.00) provisions, among others, as to the degree of control Graniterock was permitted to exercise under the CBA without violating the CBA's rest period entitlements.  Further, the CBA explicitly provides that "[a]ll disputes

---

[3] The protections the IWC Wage Order provides are as follows:

(A) "[R]est period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof" and that if an employer fails to provide any such rest period, it "shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."  § 11(A), (D).   8 Cal. Code Regs. § 11060(11)(A).

(B) "Rest periods need not be authorized in limited circumstances when the disruption of continuous operations would jeopardize the product or process of the work.  However, the employer shall make up the missed rest period within the same workday or compensate the employee for the missed ten (10) minutes of rest time at his/her regular rate of pay within the same pay period."  *Id.* at § 11060(11)(B).

(C) "A rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."  *Id.* at § 11060(11)(C).

(D) "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.  *Id.* at § 11060(11)(D).

1   concerning . . . rest periods are subject to the Grievance Procedures provided for in [the CBA]."

2   (Ow Dec., Ex. 1, p. 44, § 06.27.04.)

3        27.    **Failure to Pay Minimum Wage (for All Hours Worked).**  The CBA sets forth

4   the parties' mutual, detailed agreement regarding all issues pertaining to employee hours and

5   wages, including but not limited to minimum wages, overtime wages, meal and rest periods, days

6   of work, days of rest, daily shifts for various classifications of workers, reckoning of time,

7   reporting time, recovery periods, etc.  (*E.g.,* Ow Dec., Ex. 1, pp. 1-26, § 01.01.00 (wages), pp. 43-

8   44, §§ 06.25.00 - 06.25.02 (overtime), p. 38, § 06.00.00 (work days and hours).)

9        28.    Plaintiff's minimum wage claim is, in large part, a reformulation of his meal and

10  rest period claims which are encompassed by and arise out of the CBA and which he was required

11  to grieve under the procedures outlined in the CBA.  Specifically, Plaintiff claims that he was

12  deprived of a minimum wage because he was not provided duty-free meal and rest periods.

13  (Compl. ¶ 20.)  Because the claim is, in part, derivative of his meal and rest period claims,

14  Plaintiff's minimum wage claim likewise arises out of the CBA and is preempted by Section 301

15  of the LMRA.

16       29.    Plaintiff also claims that he (and other aggrieved employees) were required to pass

17  through security checkpoints, attend safety meetings, and prepare heavy machinery for the day,

18  which was all purportedly uncompensated.  (Compl. ¶ 18.)  Even resolution of these claims is

19  inextricably intertwined with the CBA and requires its interpretation.  The CBA prescribes

20  different minimum wage rates for different classification of workers in different geographies.  (Ow

21  Dec., Ex. 1, pp. 1-26, § 01.01.00.)  The CBA further provides the scope of duties each

22  classification is responsible for performing, whether alone or in concert with other workers, and

23  the specific shifts (both days and hours) each classification of worker may be permitted to work.

24  (*E.g., id.*, pp. 38-45, § 06.00.00 (working rules).  For instance, relevant to Plaintiff's allegations,

25  the CBA prescribes procedures for assignment of work where pre-shift or post-shift work is

26  necessitated.  (*Id.*, p. 42, § 06.14.01.)  It stipulates that "[t]he recognized established practice

27  regarding the starting and warming up of equipment by Employees under this Agreement shall not

28  be changed."  (*Id.*, p. 42, § 06.16.00.)  It also outlines the procedures from traveling from one

                                                                   NOTICE OF REMOVAL OF ACTION

work location to another work location, including wage rates that may be applicable, if any.  (*Id.*, p. 52, § 08.02.02.)  And it further discusses the compensability of possible travel time when an employee's access to the worksite is impeded.  (*Id.*, p. 52, § 08.02.02.)  To resolve Plaintiff's claims, the Court would necessarily need to interpret the CBA to determine Plaintiff's correct classification and minimum wage rates pursuant to the schedule of wages within the CBA, whether the purportedly uncompensated activities cited by Plaintiff constituted compensable activity under the CBA for pre-shift or post-work activities.  For instance, the Court will need to interpret whether passing through security checkpoints is de minimis such that § 08.02.02 holds that it is not compensable or considered "hours worked"; it will also need to interpret the applicable wage rates, given that any transportation to the worksite due to its inaccessibility may be compensated at different rates than the regular straight time rate for the employee.  Similar interpretation would apply with respect to the preparation of heavy equipment, which the CBA provides must be done pursuant to established practice; the Court will need to evaluate these practices to determine whether such work is compensable time under the CBA and, if so, at what rates.  *See United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 580–81, 80 (1960) (labor contract includes both express and implied terms, such as established practices and policies adopted pursuant to the agreement).

30.     Resolution of Plaintiff's minimum wage claim also will require substantial interpretation of the CBA's provisions pertaining to overtime.  (Ow Dec., ¶ 9.)  Thus, the Court would be ensnared into interpreting the CBA's overtime provisions, which are rights granted solely under the CBA.  California Labor Code section 514 provides that the Labor Code's overtime provisions do not apply to employees covered by a valid collective bargaining agreement which "provides for the wages, hours of work, and working conditions of the employees, . . . premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."  As the CBA satisfies these elements, any such latent overtime issues will require preemption of the minimum wage claim.

31.    **Derivative Claims.**  Plaintiff also asserts claims for waiting time penalties for failure to pay all wages earned at termination, wage statement violations, unfair competition, and violation of PAGA.  Each of these claims is derivative of Plaintiff's meal and rest period and minimum wage claims (*see* Compl., ¶¶ 22 (wage statement claim derivative), 23 (waiting time penalties derivative), 24 (unfair competition claim derivative), 65-68 (PAGA claim derivative), and, therefore, they are likewise preempted.  *See e.g. Fitz-Gerald v. SkyWest, Inc.,* 155 Cal. App. 4th 411, 422 (2007) (preemption analysis applies to derivative claims); *Blackwell v. SkyWest Airlines, Inc.*, No. 06-307 DMS (AJB), 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008) (same).

32.    Plaintiff's wage statement claim also alleges Graniterock failed to accurately identify the name of his employer on its wage statements in violation of Labor Code section 226(a)(8) (Compl,, ¶ 46), an allegation that is not derivative of Plaintiff's meal and rest period and minimum wage claims.  Graniterock's wage statement identified the employer as "Graniterock positioned atop the company's logo; the company's name registered with the California Secretary of State is in fact, "Granite Rock Company."  (Ow Dec., ¶ 3.)  However, state law does not require its registered name be listed on wage statements or prohibit an employer from truncating its registered name.  *See Mejia v. Farmland Mutual Insurance Co.*, 2018 WL 3198006 (E.D. Cal. 2018) (holding that defendant's use of "Farmland Mutual Insurance Co." on wage statements rather than the registered name "Farmland Mutual Insurance Company" was not a violation of § 226(a)(8), stating "instead of requiring an employer to state its 'complete' or 'registered' name, section 226(a)(8) only requires the employer to state its 'name and address.'"); *Savea v. YRC Inc.*, 34 Cal. App. 5th 173, 180 (2019) (agreeing with *Mejia*).  Thus, the Court would need to interpret the CBA, which contains its own requirements for its employee wage statements, to determine whether the Union and Graniterock intended to impose such additional requirement not found in state law.  Specifically, section 10.02.00 of the CBA provides that the employer must accompany each payment of wages with a "separate statement *identifying* the Individual Employer, and showing the total earnings, the amount of each deduction, the purpose thereof and net earnings." (Ow Dec., Ex. 1, p. 53, § 10.02.00 (emphasis added).)  Because interpretation of the CBA is required to determine to resolve the dispute of whether the parties intended "identifying" to

-13-

encompass the level of exactitude Plaintiff contends is necessary, this nonderivative allegation does not salvage the wage statement claim from preemption.

33.     **PAGA Claim.**  Besides being derivative of his other Labor Code claims, Plaintiff's PAGA claim is independently preempted because it also arises solely out of the operative CBA. Labor Code section 2699.6 explicitly provides that PAGA

> ***shall not apply*** to an employee in the construction industry with respect to work performed under a valid collective bargaining . . . that expressly provides for the wages, hours of work, and working conditions of employees, premium wage rates for all overtime hours worked, and for the employee to receive a regular hourly pay rate of not less than 30 percent more than the state minimum wage rate, and the agreement does all of the following:.
>     (1)  Prohibits all of the violations of this code that would be redressable pursuant to this part, and provides for a grievance and binding arbitration procedure to redress those violations.
>     (2)  Expressly waives the requirements of this part in clear and unambiguous terms.
>     (3)  Authorizes the arbitrator to award any and all remedies otherwise available under this code, provided that nothing in this section authorizes the award of penalties under this part that would be payable to the Labor and Workforce Development Agency.

(Emphasis added.)

34.     Here, Plaintiff was employed in the construction industry and under a valid collective bargaining agreement.  Further the CBA expressly provided for wages, hours of work, and working conditions of employees, premium wage rates for all overtime hours worked, and for the employee to receive a regular hourly pay rate of not less than 30 percent more than the state minimum wage rate.  (Ow Dec., ¶¶ 7, 9 Ex. 1, pp. 1-26, § 01.00.00; pp. 38-45, § 06.00.00.)  The CBA "prohibits any and all violations of the sections of the California Labor Code and would be redressable pursuant to [PAGA]" and provides for a grievance and arbitration process to "exclusively" redress such violations.  (*Id.*, Ex. 1, p. 127.)  The CBA further "expressly waives the requirements of PAGA and authorizes the permanent arbitrator to award any and all remedies otherwise available under the California Labor Code except the award of penalties under PAGA . . ."  (*Id.*)

35.     Despite the foregoing, Plaintiff has brought a PAGA claim in state court, indicating he may dispute its applicability or enforceability.  Thus, not only does Plaintiff's PAGA claim

-14-

arise entirely out of the CBA (not state law, from which the parties are exempt), but resolution of Plaintiff's PAGA claim will necessitate interpretation of the PAGA waiver contained in the applicable CBA to resolve whether it applies to his claims and is enforceable.

36.     **Grievance and Arbitration Procedure.**  Additionally, applying the CBAs in conjunction with Labor Code Section 514 and Wage Order No. 16, with the exception of certain inapplicable claims, the grievance and arbitration procedure set forth in the CBA covers "all . . . disputes, complaints and grievances concerning the interpretation, application, or compliance with any provision or provisions of this Agreement."  (Ow Dec., Ex. 1, p. 75, § 18.02.00.)  Further, Plaintiff's claims for wages must be arbitrated as the CBA requires arbitration of claims as the exclusive remedy for any violations of IWC Wage Order 16 (whether addressed in the CBA or not), all California Labor Code sections enumerated in Labor Code section 2699.5 (which includes all the Labor Code sections referenced in Plaintiff's Complaint), PAGA, and federal, state and local laws concerning wage and hour requirements, wage payment, and meal and rest periods:

> In addition to Contractual Disputes that may be brought by the Union as described above, all employee disputes concerning violations of, or arising under Wage Order 16 (except as noted in the immediately preceding paragraph), the California Labor Code Sections identified in California Labor Code Section 2699.5 as amended, the California Private Attorneys General Act (Labor Code Section 2698, et. seq.), and federal, state and local law concerning wage-hour requirements, wage payment and meal or rest periods, including claims arising under the Fair Labor Standards Act (hereinafter "Statutory Dispute" or "Statutory Disputes") shall be subject to and must be processed by the employee pursuant to the procedures set forth in Section 18.06.00 ***as the sole and exclusive remedy***.

(*Id.*, p. 78, §§ 18.05.00 (emphasis added).)

37.     The promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption.  State court lawsuits properly removed on preemption grounds may then be deferred to arbitration, if the parties to the CBA have so agreed.  *See Livadas v. Bradshaw*, 512 U.S. 107, 142, fn. 18 (1994).  Here, the parties have so agreed, and the claims are therefore subject to arbitration as discussed above.  Accordingly, any alleged violation of the CBA, or of the applicable IWC Wage Order, is subject to the grievance and arbitration procedures set forth therein.  As nearly all of Plaintiff's claims are in essence alleged violations of the relevant CBA (and/or of Wage Order 16 and/or the covered Labor Code provisions), the Court will necessarily

-15-

have to interpret the grievance and arbitration provisions to analyze Plaintiff's claims in this case. That is, the Court will be required to determine whether Plaintiff were first required to exhaust the grievance procedures, whether they did in fact exhaust those procedures, and whether they agreed to arbitrate all or some of their claims—which are all questions reserved for federal courts under the LMRA.

38.     Accordingly, Plaintiff's wage and hour claims arise out of or are substantially dependent upon the interpretation of the CBA's terms and provisions.  In fact, those terms and provisions govern nearly all of the conduct which forms the basis for Plaintiff's Complaint, and thus are essential to the resolution of Plaintiff's wage and hour claims.  Accordingly, each of Plaintiff's wage and hour claims arises under Section 301, and is therefore preempted by federal law.  Removal to federal court is warranted.

**IV.**

**SUPPLEMENTAL JURISDICTION**

39.     The Court has supplemental jurisdiction over Plaintiff's remaining state law claim of wrongful termination as well as to the extent that the Court determines any other claims are not completely preempted by Section 301 or are not so inextricably intertwined with or dependent on an interpretation of the CBA, because they relate to and emanate from the same employment relationship between Plaintiff and Graniterock that is the subject of the federal question claims. All the pleaded claims thus emanate from and form part of the same "case or controversy," such that they should all be tried in one action.  *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).  Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint.  *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994).  Accordingly, by virtue of 28 U.S.C. § 1441, Defendant is entitled to remove all of Plaintiff's claims to this Court.

**V.**

**JOINDER**

40.     Defendant is not aware of any other defendant that exists and who has been named in the Complaint or who has been served with a summons and the Complaint.  *See* **Exhibit A**.

## VI.

## <u>NOTICE TO PLAINTIFF AND STATE COURT</u>

41.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record, at Manny Starr, Karo G. Karapetyan and Joseph A. Gross, Frontier Law Center, 23901 Calabasas Road, #2074, Calabasas, California 91302.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Santa Clara, California.

42.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as **Exhibits A**, **B**, **C**, **D**, **E**, **and F**.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court for the County of Santa Clara to this Court.


Dated:  December 8, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

/s/ Luis Arias

By _____

PAUL S. COWIE
BRIAN S. FONG
SAMI HASAN
LUIS F. ARIAS
Attorneys For Defendant
GRANITE ROCK COMPANY

-17-

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>GRANITE ROCK COMPANY, a California Corporation; and DOES 1 to 100, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ARNOLD JAQUEZ, an individual, and all Aggrieved Employees | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>8/19/2021 11:25 AM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>21CV387540<br>Reviewed By: R. Tien<br>Envelope: 7096325 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Santa Clara County Superior Court, Downtown Superior Court<br>191 North First Street, San Jose, CA 95113 | **CASE NUMBER:**<br>*(Número del Caso:)*<br>21CV387540 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Frontier Law Center, 23901 Calabasas Road, Suite #2074, Calabasas, CA, 91302, (818) 914-3433

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* | 8/19/2021 11:25 AM | Clerk of Court | Clerk, by<br>*(Secretario)* R. Tien | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

E-FILED
8/19/2021 11:25 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV387540
Reviewed By: R. Tien

Karo G. Karapetyan (318101)
Karo@frontierlawcenter.com
Joseph A. Gross (332258)
Joseph@frontierlawcenter.com
Frontier Law Center
23901 Calabasas Road, #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff
Arnold Jaquez and all Aggrieved Employees

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ARNOLD JAQUEZ, an individual, and all Aggrieved Employees<br><br>Plaintiff,<br><br>v.<br><br>GRANITE ROCK COMPANY, a California Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | NO. **21CV387540**<br><br>COMPLAINT<br><br>1. Meal Period Violation<br>2. Rest Period Violation<br>3. Failure to Pay Minimum Wage<br>4. Wage Statement Penalties<br>5. Waiting Time Penalties<br>6. Violation of Unfair Competition Law<br>7. Private Attorneys General Act<br>8. Wrongful Termination |

<u>PRELIMINARY ALLEGATIONS</u>

1.      Plaintiff ARNOLD JAQUEZ ("Plaintiff") is a resident of Santa Cruz County, in California.

2.      Defendant GRANITE ROCK COMPANY ("GRC" or "Defendant") is a California Corporation, doing business in Santa Clara County.

3.      Plaintiff does not know the true names and capacities of Does 1 to 100 and therefore uses fictitious names. Plaintiff will amend the complaint pursuant to Code of Civil Procedure section 474 to allege the true names and capacities when ascertained.

4.      GRC, all named, and unnamed Doe defendants are collectively referred to as "Defendants."

5.      Plaintiff is informed and believes that each of the Defendants was the agent or employee of the other Defendants and acted in the scope of agency or employment.

6.      On June 4, 2021, Plaintiff sent a PAGA letter via certified mail to Defendants and uploaded the letter to the Labor and Workforce Development Agency ("LWDA") website (LWDA Case No. LWDA-CM-834137-21).

7.      The 65-day PAGA notice period has elapsed, and the LWDA has not responded.

8.      Pursuant to Labor Code §§2698, et. seq., Plaintiff seeks to represent all other nonexempt employees employed by Defendants in California during the PAGA Period. ("Aggrieved Employees")

9.      The PAGA Period is defined as June 4, 2020, through the date of settlement approval or judgment.

## FACTUAL ALLEGATIONS

10.     Defendants employed Plaintiff as a Field Supervisor from October 2016 to November 2, 2020.

11.     Industrial Welfare Commission Wage Order 4-2001 ("Wage Order 7") applies because Defendants employed Plaintiff in a professional, technical, or clerical capacity.

12.     Plaintiff was paid on an hourly basis and is therefore non-exempt from Wage Order 4.

13.     Plaintiff and the Aggrieved Employees were often denied compliant meal and rest periods, in violation of Labor Code §226.7.

14.     Plaintiff and the Aggrieved Employees were required to carry communication devices, and respond to calls on those devices, while on their purported meal or rest breaks.

15.     Despite their failure to provide Plaintiff and the Aggrieved Employees with compliant meal and rest periods, Defendants failed to provide Plaintiff and the Aggrieved Employees with "premium pay" for those missed meal and rest periods, in violation of Labor Coe §226.7.

16.     As a result of Defendants' violations of Labor Code §226.7 Plaintiff, and the Aggrieved Employees who are no longer employed by Defendants, were not paid all wages due and owing at the time their employment with Defendants ended, and thus are entitled to waiting time penalties, as set forth in Labor Code §§201 – 203.

17.     Plaintiff and the Aggrieved Employees were required to prepare for the start of their shifts

1  prior to clocking in.

2  18.  Prior to clocking in, Plaintiff and the Aggrieved Employees were required to pass through

3  security checkpoints, attend safety meetings, and prepare heavy machinery for the day.

4  19.  Defendants specifically instructed Plaintiff and the Aggrieved Employees not to mark their

5  timecards for time spent passing through security checkpoints, attending safety meetings, and

6  preparing heavy machinery.

7  20.  Notwithstanding the fact that Plaintiff and the Aggrieved Employees did not receive duty-

8  free meal and rest periods, Defendants instructed Plaintiff and the Aggrieved Employees to clock-

9  out during their purported meal periods, while continuing to work.

10  21.  Therefore, Defendants violated Labor Code §1194 by failing to compensate Plaintiff and

11  the Aggrieved Employees with minimum wage for all hours worked.

12  22.  As a result of Defendants' violation of Labor Code §§226.7 and 1194, Defendants failed to

13  provide Plaintiff and the Aggrieved Employees with wage statements that complied with Labor

14  Code §226.

15  23.  As a result of Defendants' violation of Labor Code §§226.7 and 1194, Defendants failed to

16  provide Plaintiff and the Aggrieved Employees with all wages due and owing at the time of

17  termination, or within seventy-two (72) hours of resignation.

18  24.  Defendants have profited by virtue of their non-compliance with the Labor Code; rather

19  than pay Plaintiff and the Aggrieved Employees minimum wage, overtime, and premium pay,

20  Defendants are free to treat those illegally withheld funds as profits, whereas businesses that

21  comply with the Labor Code cannot.

22  25.  On November 2, 2020, Defendant terminated Plaintiff's employment.

23  26.  Shortly before Plaintiff's termination, Plaintiff informed his supervisor that one of

24  Defendants' employees engaged in sexual harassment in violation of the Fair Employment and

25  Housing Act ("FEHA").

26  27.  Plaintiff's employment was terminated in retaliation for disclosing to Defendant that

27  Defendants' employee engaged in sexual harassment in violation of FEHA.

28  ///

1                        **FIRST CAUSE OF ACTION**

2                          **Meal Period Violation**

3                    **(By Plaintiff Against All Defendants)**

4  28.    Plaintiff incorporates by reference the paragraphs above.

5  29.    Wage Order 4 and Labor Code section 512 require employers to provide its employees with

6  compliant meal periods.

7  30.    These provisions also provide that an employer may not employ any person for a work

8  period of more than five hours per day without a meal period of not less than 30 minutes.

9  31.    Plaintiff was not provided with compliant meal and rest breaks as set forth above and

10 incorporated by reference herein.

11 32.    As a result, Defendants are required to remit premium pay pursuant to Labor Code section

12 226.7(c) for each missed break, which is one additional hour of pay at their regular rate of

13 compensation for each day that a meal period was not allowed.

14                      **SECOND CAUSE OF ACTION**

15                         **Rest Period Violation**

16                   **(By Plaintiff Against All Defendants)**

17 33.    Plaintiff incorporates by reference the paragraphs above.

18 34.    Pursuant to Section 12 of Wage Order 4 every employer shall authorize and permit

19 employees to take rest periods of ten minutes for every four hours, or major fraction thereof,

20 worked.

21 35.    Pursuant to Labor Code section 226.7(c) and subpart (D) of paragraph 12 of Wage Order 4,

22 if an employer fails to provide an employee with the required rest period, the employer shall pay

23 the employee one hour of pay at the employee's regular rate of compensation for each workday that

24 a rest period is not provided.

25 36.    Defendants violated Labor Code section 226.7(c) and Wage Order 4 when they failed to

26 provide Plaintiff with duty free rest periods, as more fully set forth above, and incorporated herein

27 by reference.

28 37.    As a result, Defendants are required to remit premium pay pursuant to Labor Code section

1  226.7(c) for each missed break, which is one additional hour of pay at their regular rate of

2  compensation for each day that a meal period was not allowed.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wage**

**(By Plaintiff Against All Defendants)**

6  38.     Plaintiff incorporates by reference the paragraphs above.

7  39.     Pursuant to Labor Code section 1194 an employee who receives less than the legal

8  minimum wage for all hours worked is entitled to recover the full amount of this minimum wage

9  compensation in a civil suit.

10 40.     Plaintiff was not compensated for his off-the-clock work, as set forth above.

11 41.     It follows that Defendants failed to provide Plaintiff with minimum wage for all hours

12 worked.

13 42.     Plaintiff is entitled to recover the full amount of that minimum wage compensation in this

14 civil suit.

15 43.     Pursuant to Labor Code section 1194, Plaintiff is further entitled to recover interest, fees,

16 and costs.

17 44.     Pursuant to Labor Code section 1194.2, Plaintiff is entitled to recover double the unpaid

18 minimum wage as liquidated damages.

### FOURTH CAUSE OF ACTION

**Wage Statement Penalties**

**(By Plaintiff Against All Defendants)**

22 45.     Plaintiff incorporates by reference the paragraphs above.

23 46.     Defendants failed to provide Plaintiff with compliant wage statements since the wage

24 statements issued did not accurately list the total hours worked, number of hours worked at each

25 hourly rate, wages earned, or the legal name of the employer, among other things.

26 47.     Therefore, Plaintiff suffered an injury pursuant to Labor Code §§226(2)(B), and (C).

27 48.     On information and belief, Defendants were advised by skilled lawyers and knew of the

28 requirements of the California Labor Code, but intentionally and willfully failed to comply.

49.     As a result of these knowing and intentional violations, Labor Code section 226(e) requires Defendants to pay to the greater of all actual damages or $50.00 for the initial pay period per employee in which the violation occurred, and $100.00 for each subsequent violation, plus attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Waiting Time Penalties

### (By Plaintiff Against All Defendants)

50.     Plaintiff incorporates by reference the paragraphs above.

51.     Defendants terminated Plaintiff's employment on or about November 2, 2020.

52.     Defendants failed to provide Plaintiff, with "premium pay" for non-compliant meal and rest periods during their employment.

53.     Defendants failed to compensate Plaintiff for all hours worked.

54.     It follows that Defendants further failed to pay Plaintiff these wages earned at the conclusion of his employment.

55.     As such, Defendants failed to pay Plaintiff all wages due and payable at the time of termination, or the waiting time penalties thereon, as required by Labor Code §§ 201-203.

56.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by the Plaintiff, and the Aggrieved Employees who are no longer employed by Defendants, in a civil action, for the unpaid balance of the full amount of damages and penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203, 218.5, and 1194.

## SIXTH CAUSE OF ACTION

### Violation of Unfair Competition Law

### (By Plaintiff Against All Defendants)

57.     Plaintiff incorporates by reference the paragraphs above.

58.     Defendants' conduct described above constituted unfair competition.

59.     Specifically, Defendants have gained an unfair advantage over other similarly situated businesses by unlawfully reducing their overhead costs by not paying their employees what they

1  are owed.

2  60.     Pursuant to Business and Professions Code 17203, Plaintiff is entitled to restitution of all

3  wrongfully withheld wages.

4  61.     Plaintiff may recover attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

5  **SEVENTH CAUSE OF ACTION**

6  **PRIVATE ATTORNEY GENERAL ACT**

7  **(By Plaintiff and the Aggrieved Employees Against All Defendants)**

8  62.     Plaintiff and the Aggrieved Employees re-allege and incorporate by reference each and

9  every allegation contained in the paragraphs above and, to the extent necessary, plead this cause of

10  action in the alternative.

11  63.     PAGA permits Plaintiff and the Aggrieved Employees to recover civil penalties for the

12  violation(s) of the Labor Code Sections enumerated in Labor Code section 2699.

13  64.     As alleged herein, Defendants' conduct violates numerous sections of the California Labor.

14  65.     With respect to violations of Labor Code sections 226.7 and 512(a) for Defendants' failure

15  to provide Plaintiff and the Aggrieved Employees with meal and rest periods or compensation in

16  lieu thereof, the penalties in Labor Code sections 558 and 2699 apply.

17  66.     With respect to violations of Labor Code section 1194, for failure to pay minimum wage for

18  all hours worked, the penalties in Labor Code sections 558 and 1197.1 apply.

19  67.     With respect to violations of Labor Code section 226(a) for failure to provide accurate wage

20  statements to Plaintiff and the Aggrieved Employees, the penalties in Labor Code section 226.3

21  apply.

22  68.     With respect to violations of Labor Code sections 201, and 202, for failure to timely pay all

23  wages to Plaintiff and the Aggrieved Employees upon the conclusion of employment, the penalties

24  in Labor Code section 210 apply.

25  69.     Additionally, Plaintiff and the Aggrieved Employees are entitled to reasonable attorney's

26  fees and costs pursuant to Labor Code section 2699(g).

27  ///

28  ///

**EIGHTH CAUSE OF ACTION**

**WRONGFUL TERMINATION**

**(By Plaintiff Against All Defendants)**

70.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

71.     Labor Code section 1102.5(b) states, in relevant part, "An employer [...] shall not retaliate against an employee for disclosing information [...] to a person with authority over the employee [...] if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute."

72.     Here, Plaintiff disclosed information to his supervisor relating to one of Defendant's employees engaging in conduct which violated FEHA.

73.     Shortly after Plaintiff disclosed this information, Plaintiff was terminated in violation of Labor Code section 1102.5.

74.     As a proximate result of Defendant's wrongful termination of Plaintiff, Plaintiff has suffered and continues to suffer damages, which includes, but is not limited to: severe emotional distress, lost wages, benefits, and compensation, and loss of future earnings and earning capacity.

75.     Further, because the wrongful acts against Plaintiff were carried out, authorized, or ratified by Defendant's directors, officers, and/or managing agents, acting with malice, oppression, or fraud, or were deliberate, willful, and in conscious disregard of the probability of causing injury to Plaintiff, Plaintiff seeks punitive damages to deter Defendant from committing said illegal acts in the future.

**PRAYER**

First Cause of Action

1. Premium pay; and

4. Other relief the court deems proper.


Second Cause of Action

1. Premium pay; and

4. Other relief the court deems proper.

1

2  Third Cause of Action

3  1. Unpaid wages;

4  2. Interest;

5  3. Liquidated damages;

6  4. Attorneys' fees;

7  5. Costs; and

8  6. Other relief the court deems proper.

9

10  Fourth Cause of Action

11  1. Wage statement penalty;

12  2. Attorney fees and costs; and

13  3. Other relief the court deems proper.

14

15  Fifth Cause of Action

16  1. Waiting time penalty;

17  2. Attorney fees and costs; and

18  2. Other relief the court deems proper.

19

20  Sixth Cause of Action

21  1. Restitution of unpaid wages and premium pay;

22  2. Attorney fees and costs; and

23  3. Other relief the court deems proper.

24  Seventh Cause of Action

25  1. For penalties pursuant to Labor Code sections 210, 226.3, 558, 1197.1, and 2699.

26  2. Attorney's fees and costs; and

27  3. Other relief the court deems proper

28

Eighth Cause of Action

1. Future Earnings;
2. Lost Wages;
3. Interest;
4. Attorneys' fees;
5. Costs; and
6. Other relief the court deems proper.

Date: August 13, 2021

FRONTIER LAW CENTER

/s/ Karo Karapetyan
Karo Karapetyan
Attorney for Plaintiff
Arnold Jaquez

**DEMAND FOR JURY TRIAL**

Plaintiff Arnold Jaquez hereby demands a trial by jury.

Date: August 13, 2021

FRONTIER LAW CENTER

/s/ Karo Karapetyan
Karo Karapetyan
Attorney for Plaintiff
Arnold Jaquez

EXHIBIT B

1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
PAUL S. COWIE, Cal. Bar No. 250131
BRIAN S. FONG, Cal. Bar No. 262846
SAMI HASAN, Cal. Bar No. 272333
LUIS ARIAS, Cal. Bar No. 317819
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     415.434.9100
Facsimile:      415.434.3947
E mail          pcowie@sheppardmullin.com
                    bfong@sheppardmullin.com
                    shasan@sheppardmullin.com
                    larias@sheppardmullin.com

Attorneys for Defendant GRANITE ROCK
COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ARNOLD JAQUEZ, an individual and all Aggrieved Employees,<br><br>                    Plaintiff,<br><br>          v.<br><br>GRANITE ROCK COMPANY, a California corporation; and DOES 1 to 100 inclusive,<br>                    Defendant. | Case No. 21CV387540<br><br>**DEFENDANT GRANITE ROCK COMPANY'S ANSWER TO PLAINTIFF ARNOLD JAQUEZ'S COMPLAINT**<br><br>Complaint Filed:     August 19, 2021<br>Trial Date:            None Set |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SMRH:4890-1711-2324.3

Defendant GRANITE ROCK COMPANY ("Defendant") hereby answers the Complaint filed by Plaintiff ARNOLD JAQUEZ ("Plaintiff") on August 19, 2021, as follows:

**GENERAL DENIAL**

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant generally and specifically denies each and every allegation in the Complaint and further denies that Plaintiff has been damaged in the amount alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct, or liability on the part of Defendant, or on the part of any of Defendant's agents, servants, employees, representatives, or any other person for whose acts Defendant is responsible.

**AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint, Defendant alleges the following affirmative defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

**FIRST AFFIRMATIVE DEFENSE**

(Statute of Limitations)

1.      The Complaint, and each purported cause of action alleged therein, is barred by applicable statutes of limitations, including but not limited to Code of Civil Procedure sections 338, 340, and Labor Code sections 2699 *et. seq.*

**SECOND AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

2.      The Complaint does not state facts sufficient to permit Plaintiff to proceed on behalf of himself or on behalf of others in a representative capacity under the Private Attorneys General Act, does not plead facts sufficient to state any cause of action under the California Labor Code, and does not state facts sufficient to state any cause of action for wrongful termination.

Case No. 21CV387540
SMRH:4890-1711-2324.3
DEFENDANT'S ANSWER TO COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

(After Acquired Evidence)

3.       Defendant is informed and believes, and based upon such information and belief alleges, Plaintiff is barred, in part or total, from recovery of any damages, based upon the doctrine of after-acquired evidence.

**FOURTH AFFIRMATIVE DEFENSE**

(Comparative Fault of Plaintiff)

4.       Plaintiff's damages, if any, were proximately caused, and contributed to, by Plaintiff's own negligence and/or intentional acts or omissions. Therefore, Plaintiff's recovery, if any, must be reduced in proportion to Plaintiff's own fault in causing the damages for which Plaintiff seeks recovery.

**FIFTH AFFIRMATIVE DEFENSE**

(Legitimate Reasons for Employment Actions)

5.       Plaintiff's wrongful termination and retaliation claims against Defendant are barred because any adverse employment action taken against Plaintiff was made for legitimate non-retaliatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

6.       Even if Plaintiff suffered damages as a result of the facts alleged in the Complaint—which Defendant denies—Plaintiff failed to take reasonable steps to mitigate, minimize, or prevent the claimed damages. Therefore, any damages actually suffered by Plaintiff must be reduced to the extent Plaintiff reasonably could have avoided or mitigated such damages.

**SEVENTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

7.       Even if the allegations in the Complaint are true—which Defendant denies—Plaintiff is not entitled to recover any damages, because Plaintiff's alleged damages are too speculative.

## EIGHTH AFFIRMATIVE DEFENSE

(Setoff, Offset, Recoupment)

8.      Certain amounts sought to be recovered in the Complaint are subject to setoff, offset, and/or recoupment, and are therefore barred in whole or in part.

## NINTH AFFIRMATIVE DEFENSE

(Failure to State Facts to Support Punitive Damages)

9.      The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to sustain the imposition of punitive damages against Defendant pursuant to California Civil Code Section 3294.

## TENTH AFFIRMATIVE DEFENSE

(Unconstitutionality of Punitive Damages)

10.     An award of punitive damages in this action would violate Defendant's due process and equal protection rights under the United States Constitution and the California Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

(Preemption – Supremacy Clause)

11.     Defendant asserts that the Supremacy Clause of the United States Constitution bars Plaintiff's claims.  *Lorrilard Tobacco Co. v. Reilly*, 533 U.S. 525 (2001).

## TWELFTH AFFIRMATIVE DEFENSE

(Field Preemption)

12.     Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because they are preempted by field preemption.

## THIRTEENTH AFFIRMATIVE DEFENSE

(LMRA Preemption)

13.     The resolution of each cause of action set forth in the Complaint, or some of them, cannot be maintained against Defendant because Plaintiff's state law claims arise out of, require interpretation of, are intertwined with, or infringe on the arbitration process set forth in, a

Case No. 21CV387540
DEFENDANT'S ANSWER TO COMPLAINT

1    collective bargaining agreement and are therefore preempted by Section 301 of the Labor

2    Management Relations Act "LMRA" (29 U.S.C. § 185).

3                            **FOURTEENTH AFFIRMATIVE DEFENSE**

4                                    (NLRA Preemption)

5           14.     Defendant alleges that the Complaint and each cause of action set forth therein, or

6    some of them, cannot be maintained against Defendant because Plaintiff's claims are preempted

7    by the National Labor Relations Act ("NLRA").

8                             **FIFTEENTH AFFIRMATIVE DEFENSE**

9                                   (*Machinist* Preemption)

10          15.     Defendant alleges that the Complaint and each cause of action set forth therein, or

11   some of them, cannot be maintained against Defendant because Defendant alleges that Plaintiff's

12   state law claims regulate conduct in an area of labor activity or management-union relations that

13   Congress intended to be unregulated and left to be controlled by the free play of economic forces.

14   Rest periods are a mandatory subject of bargaining under the National Labor Relations Act, 29

15   U.S.C. §§ 151 et seq., and Plaintiff's claims would require the Court to enmesh itself in the

16   collective bargaining process. Plaintiff's claims are therefore preempted by *Machinists and*

17   *Aerospace Workers v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976).

18                            **SIXTEENTH AFFIRMATIVE DEFENSE**

19                               (Primary Jurisdiction Doctrine)

20          16.     The Complaint, and each purported cause of action alleged therein, should be

21   abated in the Court's discretion, and Plaintiff, and each purportedly aggrieved employee, should

22   be forced to pursue his administrative remedies with the California Division of Labor Standards

23   Enforcement or the Labor Workforce Development Agency, which have primary jurisdiction over

24   Plaintiff's claims.

25                           **SEVENTEENTH AFFIRMATIVE DEFENSE**

26                                    (Lack of Standing)

27          17.     The Complaint, and each purported cause of action alleged therein, is barred in

28   whole or in part because Plaintiff has not suffered any legally cognizable injury or damages as a

1    result of any actions taken or not taken by Defendant, or either of them, and therefore lacks

2    standing to bring the Complaint or any purported cause of action alleged therein.

3                        **EIGHTEENTH AFFIRMATIVE DEFENSE**

4                          (PAGA - Unauthorized Delegation of Power)

5            18.    PAGA, which authorizes employees to file private actions against an employer and

6    recover excessive civil penalties, three-quarters of which are paid to an executive agency of the

7    State of California, constitutes an unlawful delegation of power in violation of the California

8    Constitution.

9                        **NINETEENTH AFFIRMATIVE DEFENSE**

10                       (PAGA – Failure to Provide Notification or to Identify)

11           19.    Defendant alleges that Plaintiff failed to identify or to provide the Labor Workforce

12   Development Agency and/or Defendant proper notification of the claims and/or  the "aggrieved

13   employees" on whose behalf he intends to seek penalties, pursuant to the Private Attorneys

14   General Act, Labor Code section 2698 *et seq*. and such claims are thus barred and/or limited by

15   law.

16                        **TWENTIETH AFFIRMATIVE DEFENSE**

17                          (PAGA – Lack of Standing)

18           20.    Defendant is informed and believes, and based upon such information and belief

19   alleges, that Plaintiff lacks standing to assert the Complaint or any purported cause of action

20   alleged therein; or to bring claims for any civil penalties on behalf of others because he is not an

21   "aggrieved employee," pursuant to the Private Attorneys General Act, Labor Code sections 2698,

22   *et seq*. or otherwise lacks standing.

23                        **TWENTY-FIRST AFFIRMATIVE DEFENSE**

24                          (PAGA - Unconstitutional)

25           21.    The Complaint, and each purported cause of action alleged therein, is barred in

26   whole or in part because PAGA is unconstitutionally vague and overbroad as applied to the facts

27   and circumstances of this case.

28

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(PAGA – Unjust Enrichment)

22.     Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, is not entitled to recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties for the same claims and/or time periods, as such duplicative recovery is barred and constitutes unjust enrichment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Excessive Penalties Unconstitutional)

23.     Defendant is informed and believes and, based on such information and belief, alleges, that the penalties claimed by Plaintiff in this case are excessive and thus violate Defendant's rights under the state and federal Constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Violation of Due Process)

24.     Defendant alleges that the penalties imposed by PAGA are excessive, and that the prosecution of a representative action on behalf of the general public as applied to the facts and circumstances of this case would constitute a denial of Defendant's due process rights, both substantive and procedural, guaranteed by Article I, section 7 and Amendment 8 of the California Constitution and in violation of the Fourteenth Amendment to the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(No Willful Violation of Labor Code Section 203)

25.     Plaintiff, and each purportedly aggrieved employee, are not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of Cal. Labor Code § 200, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of Cal. Labor Code § 200, *et seq.*

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Labor Code § 226 – No Injury)

26.     Defendant is informed and believes and, based on such information and belief, alleges, that even assuming *arguendo* that Plaintiff and each purportedly aggrieved employee were entitled to receive and were not provided with an accurate itemized statement of wages and deductions, Plaintiff, and each purportedly aggrieved employee are not entitled to recover damages or penalties because Plaintiff, and each purportedly aggrieved employee have not suffered any injury as a result of any alleged inaccurate wage statements and it violates due process to award civil penalties when there has been no injury and/or Defendant pled this affirmative defense to the extent there is a change in the law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Labor Code § 226 – No Knowing and Intentional Failure)

27.     Defendant is informed and believes and, based on such information and belief, alleges, that even assuming *arguendo* that Plaintiff and each purportedly aggrieved employee were not provided with a proper itemized statement of wages and deductions, Plaintiff and each purportedly aggrieved employee are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" and it violates due process to award civil penalties in circumstances where an essential element of the alleged Labor Code violation of a knowing and intentional failure has not been satisfied and/or to the extent there is a change in the law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (CA Labor Code § 2699(e)(2))

28.     Defendant alleges that the penalties sought in the Complaint would result in an award that is unjust, arbitrary, oppressive or confiscatory, and Plaintiff should therefore not recover damages or in the alternative, any award of damages should be reduced in an amount determined by the Court.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(CA Labor Code § 2699(f) – Default Civil Penalties)

29.     Defendant is informed and believes and, based on such information and belief, alleges, that Plaintiff and/or the purportedly aggrieved employees are not entitled to recovery of default civil penalties under Labor Code section 2699(f) for the alleged violation of Labor Code sections for which civil penalties are specifically provided.

## THIRTIETH AFFIRMATIVE DEFENSE

(CA Labor Code § 2699(f) – Initial Violation)

30.     Defendant is informed and believes and, based on such information and belief, alleges, that insofar as Defendant has never been cited by the Labor Commissioner, or received a judgment against it in a court of law, with respect to any of Plaintiff's Labor Code claims, any civil penalties awarded to Plaintiff and/or the purportedly aggrieved employees under the PAGA must be limited to those penalties applicable to an initial violation.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Lawful Policy)

31.     Defendant is not liable for the unpaid wages alleged by Plaintiff.  Defendant's policies complied with California law because it is fair and neutral on its face and compensates employees for all time worked.  *See See's Candy Shops, Inc. v. Superior Court*, 210 Cal. App. 4th 889 (2012).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Consent)

32.     Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of consent, to the extent that Plaintiff and/or the purportedly aggrieved employees knowingly and voluntarily consented to and/or participated in some or all of the conduct upon which the claims alleged against Defendant are based.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Laches)

33.     Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches, to the extent that Plaintiff unreasonably and inexcusably delayed in pursuing the claims alleged against Defendant, thereby prejudicing Defendant's ability to find witnesses and/or evidence to defend itself in this litigation.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Waiver)

34.     Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver, to the extent that Plaintiff and/or the purportedly aggrieved employees waived the right to recover any relief by the Complaint by virtue of their prior representations, actions, inaction, and agreements (including without limitation any applicable collective bargaining agreement and waivers contained therein) with respect any purported cause of action alleged therein.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

35.     Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of unclean hands, to the extent that Plaintiff and/or the purportedly aggrieved employees have engaged in any inequitable behavior related to the claims alleged against Defendant.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

36.     Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff and/or the purportedly aggrieved employees are estopped by their own conduct to assert any claims against or obtain any award from Defendant.

Case No. 21CV387540
DEFENDANT'S ANSWER TO COMPLAINT

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

37.     Defendant alleges that the Complaint, and each cause of action set forth therein, are barred, in whole or in part, to the extent that, because of a change in the law, Plaintiff, and each purportedly aggrieved employee are subject to binding arbitration of their claims on an individual basis and have waived the right to bring such claims in court.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Uncertainty)

38.     Defendant is informed and believes and, based on such information and belief, alleges, the Complaint, and the claims asserted therein, are uncertain.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

39.     The Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff, and each purportedly aggrieved employee failed to pursue or otherwise exhaust administrative remedies with the California Division of Labor Standards Enforcement and/or the Labor and Workforce Development Agency.

## FORTIETH AFFIRMATIVE DEFENSE

### (Unmanageable Representative Action)

40.     The Complaint, and/or each purported cause of action alleged therein, cannot be maintained on a representative basis due to a multitude of unmanageable individualized issues. Proceeding on a representative basis would deprive Defendant of due process.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Meal Periods Provided)

41.     To the extent timekeeping records show incidences where Plaintiff or any other non-exempt employee did not record an off-duty meal period of at least 30 minutes beginning by the end of the fifth hour in a shift greater than five hours, or did not record a second off-duty meal period of at least 30 minutes beginning by the end of the tenth hour in a shift greater than ten hours, Defendant is not liable for failure to provide a meal period because it permitted Plaintiff

and the allegedly aggrieved employees a bona fide opportunity to take a compliant meal period but Plaintiff and/or the allegedly aggrieved employees voluntarily chose not to take a timely or compliant meal period(s) Defendant provided and/or waived the meal period.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Unknown Conduct / Outside Course and Scope of Employment)

42.     Defendant is informed and believes and, based on such information and belief, alleges, that the Complaint and/or each purported cause of action therein cannot be maintained against Defendant to the extent that the acts or omissions alleged in the Complaint were committed outside the course and scope of Plaintiff's employment, were not authorized, adopted or ratified by Defendant, and/or Defendant did not know of nor should it have known of such conduct.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(De Minimis Activities)

43.     Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant to the extent that Defendant's acts or omissions, if any, or Plaintiff or the purportedly aggrieved employees' acts or omissions, and the alleged time involved and/or damages are *de minimis*.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

(Clerical Error / Inadvertent Mistake)

44.     Defendant is informed and believes and, based on such information and belief, alleges, that, even assuming *arguendo* that Plaintiff and each purportedly aggrieved employee were entitled to receive itemized wage statements and were not provided with a proper itemized statement of wages and deductions, Plaintiff, and each purportedly aggrieved employee should not recover damages or penalties to the extent that Defendant's alleged failure to comply with California Labor Code section 226(a) was the result of a clerical error or inadvertent mistake. Labor Code § 226.3.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(Unconstitutional Wage Order)

45.      Defendant is informed and believes and, based on such information and belief, alleges, that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(Failure to Comply with Employer Instructions)

46.      Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent that any failure to comply with Defendant's work-time recording and/or reporting and/or overtime and/or meal or rest break rules, or any other violation alleged in the Complaint, was the result of failure by Plaintiff and/or each purportedly aggrieved employee, to follow Defendant's reasonable instructions, and a breach of duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(Res Judicata, Bar and Merger, Settlement/Release)

47.      The Complaint and each cause of action set forth therein, are barred, in whole or in part by the doctrine of res judicata or release, to the extent that any of the claims asserted in the Complaint have been released, whether by Plaintiff, Labor and Workforce Development Agency, or by or on behalf of any of the purportedly aggrieved employees.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

(Collateral Estoppel)

48.      Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of collateral estoppel, to the extent that a previous final judgment or a decision on a collateral issue has resolved Plaintiff's claims.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (No Entitlement to Prejudgment Interest)

49.     The Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

50.     Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of avoidable consequences, to the extent that Plaintiff and/or the purportedly aggrieved employees unreasonably failed to use Defendant's preventative and corrective measures, which would have prevented some or all of the harm allegedly suffered.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

51.     Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff failed to timely invoke and/or fully exhaust administrative remedies available to him under California Labor Code section 98.7.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal and Contractual Remedies)

52.     Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff failed to exhaust internal remedies and/or contractual remedies, including under any applicable collective bargaining agreements, before filing suit.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Utilize Complaint Procedure Including Arbitration)

53.     Defendant alleges that the Complaint, and/or some of the claims contained therein, are barred by the failure or refusal of the Plaintiff and/or allegedly aggrieved employees to timely and completely utilize the complaint, grievance, or arbitration procedure established by Defendant or negotiated between the parties.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

(Bad Faith and/or Frivolous Claims)

54.     Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or his attorneys pursuant to California law including, but not limited to, California Code of Civil Procedure section 128.5 and/or Government Code section 12965(b).

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend the Answer to assert any such defenses.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Complaint be dismissed with prejudice in its entirety;

2.     That Plaintiff takes nothing by reason of the Complaint;

3.     That Defendant be awarded its costs of suit and reasonable attorneys' fees provided by law; and

4.     For such other and further relief as the Court may deem just and proper.

Dated:  December 7, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By

PAUL S. COWIE
BRIAN S. FONG
SAMI HASAN
LUIS ARIAS

Attorneys for GRANITE ROCK COMPANY

-15-

Case No. 21CV387540
DEFENDANT'S ANSWER TO COMPLAINT

SMRH:4890-1711-2324.3

<u>PROOF OF SERVICE</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On December 7, 2021, I served true copies of the following document(s) described as **DEFENDANT GRANITE ROCK COMPANY'S ANSWER TO PLAINTIFF ARNOLD JAQUEZ'S COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Karo G. Karapetyan | karo@frontierlawcenter.com; |
| Joseph A. Gross | joseph@frontierlawcenter.corn; |
| Frontier Law Center | heather@frontierlawcenter.com; |
| 23901 Calabasas Road, #2074 | manny@frontierlawcenter.com; |
| Calabasas, CA 91302 | dan@frontierlawcenter.com; Mary Mars |
| | mary@frontierlawcenter.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address larago@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 7, 2021, at San Francisco, California.


_____
Lydia Arago Schou

EXHIBIT C

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): 327338<br>Karo Karapetyan (318101)<br>Frontier Law Center<br>23901 Calabasas Road, Ste 2074<br>Calabasas, CA 91302<br>   TELEPHONE NO: 818-914-3433     FAX NO. (Optional): 818-914-3433<br>E-MAIL ADDRESS (Optional): karo@frontierlawcenter.com; manny@frontierlawcenter.com<br>ATTORNEY FOR (Name): Plaintiff, Arnold Jaquez | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara<br>   STREET ADDRESS: 191 North First Street<br>   MAILING ADDRESS: same<br>   CITY AND ZIP CODE: San Jose, CA 95113<br>   BRANCH NAME: Civil |

PLAINTIFF/PETITIONER: Arnold Jaquez

DEFENDANT/RESPONDENT: Granite Rock Company

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>21CV387540 |
|---|---|

TO (insert name of party being served): Granite Rock Company

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 12, 2021

Heather Bourne
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
   CCCS, Civil lawsuit Notice, ADR

(To be completed by recipient):

Date this form is signed:  November 8, 2021

Sami Hasan  for Granite Rock Company
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Manny M Starr (319778); Theodore Tang (313294)<br>Frontier Law Center<br>23901 Calabasas Road, #2074, Calabasas, CA 91302<br><br>TELEPHONE NO.: (818) 914-3433    FAX NO.: (818) 914-3433<br>ATTORNEY FOR *(Name):* Plaintiff, | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 8/19/2021 11:25 AM<br>Reviewed By: R. Tien<br>Case #21CV387540<br>Envelope: 7096325** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Civil

CASE NAME:
Jaquez v. Granite Rock Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21CV387540<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/19/2021
Manny M. Starr
      (TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT E

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: _____

21CV387540

<div style="border:1px solid">

## PLEASE READ THIS ENTIRE FORM

</div>

_PLAINTIFF_ (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

_DEFENDANT_ (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

    Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

---

_RULES AND FORMS:_   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_CASE MANAGEMENT CONFERENCE (CMC):_   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

<div style="border:1px solid">

Your Case Management Judge is: _____ Manoukian, Socrates P _____ Department:_____20_____

The 1st CMC is scheduled for:  (Completed by Clerk of Court)

   Date:__1/11/2022__ Time:__3:00 PM__ in Department:____20____

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)

   Date:_____ Time:_____ in Department:_____

</div>

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_   If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

EXHIBIT F

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### *What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### *What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### *What are the main forms of ADR offered by the Court?*
 **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

***Contact:***
Santa Clara County Superior Court
ADR Administrator
408-882-2530

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**